## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **RODNEY HOLMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 7:15-cv-00075-HL** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SANDY TURNER, ADM TRUCKING,** | ) | |
| **INC., ARCHER DANIELS** | ) | |
| **MIDLAND COMPANY, and OLD** | ) | |
| **REPUBLIC INSURANCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **JAMES DARION O'BERRY, and** | ) | |
| **JEWELL O'BERRY** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO. 7:15-cv-00064-HL** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SANDY TURNER, ADM TRUCKING,** | ) | |
| **INC. ARCHER DANIELS MIDLAND** | ) | |
| **COMPANY, and OLD REPUBLIC** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE

Come now Plaintiffs, in the above-captioned action, by and through

undersigned counsel, and hereby respectfully requests that the Court charge the jury

with the attached numbered charges as authorized under the law and the facts of this case. These requests were not agreed upon by Defendants. The requests that the Defendants did agree upon were submitted in a joint filing.

**PLAINTIFFS' REQUEST TO CHARGE # _____**

**60.010 Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

O.C.G.A. §51-1-2

**PLAINTIFFS' REQUEST TO CHARGE #_____**

**02.020 Burden of Proof; Generally; Preponderance of Evidence, Defined**

The plaintiffs have the burden of proof, which means that the plaintiffs must prove whatever it takes to make their case, except for any admissions (in pleadings) by the defendants. The plaintiffs must prove their case by what is known as a preponderance of the evidence; that is, evidence upon the issues involved, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.

O.C.G.A. §§24-14-1, 24-14-3, 24-8-821, 9-11-36(b)

<u>Superior Paving Inc. et al. v. Citadel Cement Corporation</u>, 145 Ga. App. 6 (1978)

<u>Danforth v. Danforth</u>, 156 Ga. App. 236, 239 (1980)

**PLAINTIFFS' REQUEST TO CHARGE # _____**

**PROXIMATE CAUSE**

60.200 Torts; Proximate Cause; Definition

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

Illinois v. Wilson, 935 NE2d 587 (2010)

O.C.G.A. §§51-12-3, 51-12-8, 51-12-9

**PLAINTIFFS' REQUEST TO CHARGE # _____**

**60.171 Torts; Imputed Negligence; Generally**

For the negligence of one person to be properly placed upon another, the negligent person must be the agent of the person to whom it is attributed.

O.C.G.A. §51-2-1(a)

**PLAINTIFFS' REQUEST TO CHARGE # _____**

Georgia Rules of the Road: § 40-6-180. Basic rules

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

**PLAINTIFFS' REQUEST TO CHARGE # _____**

**Georgia Rules of the Road: § 40-6-241. Driver to use due care**

A driver shall exercise due care in operating a motor vehicle on the highways of this state and shall not engage in any actions which shall distract such driver from the safe operation of such vehicle.

**PLAINTIFFS' REQUEST TO CHARGE # _____**

**Georgia Rules of the Road: § 40-6-390. Reckless driving**

Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.

**PLAINTIFF'S REQUEST TO CHARGE # _____**

**49 C.F.R. § 392.3 Ill or fatigued operator.**

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

**PLAINTIFF'S REQUEST TO CHARGE # _____**

**49 C.F.R. § 395.3 Maximum driving time for property-carrying vehicles.**

(a) No motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, unless the driver complies with the following requirements:

(1) Start of work shift. A driver may not drive without first taking 10 consecutive hours off duty;

(2) 14-hour period. A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty. The driver may not drive after the end of the 14-consecutive-hour period without first taking 10 consecutive hours off duty.

(3) Driving time and rest breaks.

(i) Driving time. A driver may drive a total of 11 hours during the 14-hour period specified in paragraph (a)(2) of this section.

(b) No motor carrier shall permit or require a driver of property-carrying commercial motor vehicle to drive, nor shall any driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, for any period after--

(1)    Having been on duty 60 hours in any period of 7 consecutive days of the employing motor carrier does not operate commercial motor vehicles every day of the week; or

(2)    Having been on duty 70 hours in any period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every day of the week.

(c) (1) Through June 30, 2013, any period of 7 consecutive days may end with the beginning of an off-duty period of 34 or more consecutive hours.

(2) Through June 30, 2013, any period of 8 consecutive days may end with the beginning of an off-duty period of 34 or more consecutive hours.

**PLAINTIFF'S REQUEST TO CHARGE # _____**

**49 C.F.R. § 395.8 Driver's record of duty status.**

(a) Every motor carrier shall require every driver used by the motor carrier to record his/her duty status for each 24 hour period using the methods prescribed in either paragraphs (a)(1) or (2) of this section.

(1) Every driver who operates a commercial motor vehicle shall record his/her duty status, in duplicate, for each 24-hour period. The duty status time shall be recorded on a specified grid, as

shown in paragraph (g) of this section. The grid and the requirements of paragraph (d) of this section may be combined with any company forms.

(2) Every driver who operates a commercial motor vehicle shall record his/her duty status by using an automatic on-board recording device that meets the requirements of § 395.15 of this part. The requirements of this section shall not apply, except paragraphs (e) and (k)(1) and (2) of this section.

(d) The following information must be included on the form in addition to the grid:

(1) Date;

(2) Total miles driving today;

(3) Truck or tractor and trailer number;

(4) Name of carrier;

(5) Driver's signature/certification;

(6) 24-hour period starting time (e.g. midnight, 9:00 a.m.,

noon, 3:00 p.m.);

(7) Main office address;

(8) Remarks;

(9) Name of co-driver;

(10) Total hours (far right edge of grid);

(11) Shipping document number(s), or name of shipper and commodity.

(e) Failure to complete the record of duty activities of this section or § 395.15, failure to preserve a record of such duty activities, or making of false reports in connection with such duty activities shall make the driver and/or the carrier liable to prosecution.

(f) The driver's activities shall be recorded in accordance with the following provisions:

(1) Entries to be current. Drivers shall keep their records of duty status current to the time shown for the last change of duty status.

(2) Entries made by driver only. All entries relating to driver's duty status must be legible and in the driver's own handwriting.

(i) Filing driver's record of duty status. The driver shall submit or forward by mail the original driver's record of duty status to the regular employing motor carrier within 13 days following the completion of the form.

**PLAINTIFFS' REQUEST TO CHARGE # _____**

DAMAGES FOR PRE-EXISTING CONDITIONS

I charge you that the already sick or injured, as well as the healthy, may recover damages for new injuries caused by the negligence of another. In other words, Plaintiffs may recover damages not only for new injuries caused by this wreck, but they may also recover damages for the aggravation of any pre-existing sickness or injuries that they already had at the time of the wreck.

Whatley v. Henry, 65 Ga. App. 66 (1941)

The defendant must take the plaintiff as he finds him. That is to say that if you should find that at the time of this wreck the plaintiff had any preexisting condition, ailment, or disease which was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant, and that injury resulted in any aggravation of the condition, ailment, or disease already existing, then plaintiff can recover damages for aggravation of the preexisting condition, ailment, or disease.

Dawson v. Fulton-Dekalb Hospital Authority, 227 Ga. App. 715, 723 (1997), reversed on other grounds, 270 Ga. 376 (1998); Whatley v. Henry, 54 Ga. App. 668 (1941); Mitchell v. Turner, 89 Ga. App. 14 (1953); Garner v. Driver, 155 Ga. App. 322 (1980).

**PLAINTIFFS' REQUEST TO CHARGE # _____**

AGGRAVATION OF DISEASE OR DEFECT

If you find for Plaintiff, you should compensate him for any aggravation of an existing disease or physical defect (or activation of any such latent condition), resulting from such injury.  If you find that there was such an aggravation, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

Pattern Jury Instructions (Civil Cases), 11th Circuit, p. 167, ¶ 2.2, (1990);

Pattern Jury Instructions (Civil Cases), 5th Circuit, p. 135, ¶ 2.B, (1983);

Federal Jury Practice & Instructions, Devitt, Blackmar & Wolff, §85.03, p. 316 (West 1990);

Sentilles v. Inter-Caribbean Shipping Co., 361 U.S. 107 (1959);

22 Am Jur 2d §282 p. 230-232.

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.001 Tort Damages; Preliminary Instructions

Damages are given as pay or compensation for injury done.

O.C.G.A. §51-12-4

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

O.C.G.A. §51-12-9

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.040 Tort Damages; Expenses; Generally; Medical Expenses

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

O.C.G.A. §51-12-7

Georgia Power Co. v. Clark, 69 Ga. App. 273 (1943); medicine

Georgia Railway and Power Co. v. Ryan, 24 Ga. App. 290 (1919); doctor's bill; other decisions cited to notes for "medical expenses" and "physician's bill"

**PLAINTIFFS' REQUEST TO CHARGE # _____**

DAMAGES -- STANDARD FOR RECOVERING FUTURE MEDICAL EXPENSES

In considering whether Plaintiffs have proven their right to recover future medical expenses, you should consider whether there has been "sufficient proof of the [plaintiffs'] condition, the costs of treatment up until the trial and of the probable duration of the condition that would require treatment of a similar nature to the kind that has been administered. This furnishe[s] as good a factual foundation as the law contemplates. To such a situation the rule is applicable that mathematical certainty can not be attained in legal investigations, but only moral and reasonable certainty. That which is subject to change in the future can not be computed with exactness, but the jury can only determine what is probable from existing facts."

Pruitt v. Pierce, 100 Ga. App. 808, 809, 112 S.E.2d 327, 329 (1959);

Massie v. Ross, 211 Ga. App. 354, 439 S.E.2d 3 (1993).

O.C.G.A.§51-12-7

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.100 Tort Damages; Earnings, Past; Loss of

      Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and (the amount that may be recovered) (its measure) is the value of the earnings that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury. You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters. There must be some evidence before you as to the plaintiff's loss.

Atlantic Coastline Railroad Co. v. McDonald, 103 Ga. App. 328, 332 (1961)

Nashville, etc., Railway Co. v. Miller, 120 Ga. 453 (1904)

Western, etc., Railroad Co. v. Sellers, 15 Ga. App. 369 (1914)

Camilla Cotton Oil, etc., Co. v. Walker, 21 Ga. App. 603 (1918); and other decisions following notes for "capacity to labor," "charge," "earning capacity," and "customary wages" following O.C.G.A. §51-12-4

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.201 Tort Damages; Earnings; Loss of Future Earnings

If you find that the plaintiff's earnings will be permanently (reduced) (destroyed), lost future earnings--just like lost past earnings--are to be determined on the basis of the earnings that the plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

(See citations at 66.100, Tort Damages; Earnings, Past; Loss of.)

In considering the evidence, you should take into consideration that old age generally reduces the capacity to labor and earn money.

Florida, etc., R.R. Co. v. Burney, 98 Ga. 1 (1894)

You may also take into consideration the proposition that the ability of the plaintiff to earn money could have increased during some later periods of the plaintiff's life, if it is authorized by the evidence.

A-1 Bonding Service Inc. v. Hunter, 125 Ga. App. 173, 180 (1971)

Standard Oil Co. v. Reagan, 15 Ga. App. 571, 595 (1915)

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.202 Tort Damages; Earnings; Life Expectancy

You would also consider the life expectancy of the plaintiff.

<u>Williams v. Vinson</u>, 104 Ga. App. 886, 893 (1961)

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.203 Tort Damages; Earnings; Average Annual Earnings

By taking into consideration the factors as to earning capacity and life expectancy and applying them to this plaintiff's life, you should determine what the average annual loss of future earnings probably would have been.

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.400 Tort Damages; Consortium

A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

Brown v. Georgia-Tennessee Coaches Inc., 88 Ga. App. 519 (1953); married woman has action for loss of consortium.

Nunnally v. Shockley, 97 Ga. App. 300 (1958)

Hobbs v. Holliman, 74 Ga. App. 735, 739 (1947)

Shepherd Construction Co. Inc. v. Vaughn, 88 Ga. App. 285 (1953)

**PLAINTIFFS' REQUEST TO CHARGE # _____**

66.501 Tort Damages; Pain and Suffering; Generally; Mental; Future

(a) Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

Western, etc., Railroad Co. v. Young, 83 Ga. 512, 515 (1889)

Redd v. Peters, 100 Ga. App. 316 (1959)

Southern Railway Co. v. Jackson, 146 Ga. 243 (1916)

Chapman v. Western Union Telegraph Co., 88 Ga 763 (1892)


(b) Mental

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

Williams v. Vinson, 104 Ga. App. 886, 893 (1961)

Langran v. Hodges, 60 Ga. App. 567 (1939)

Atlantic Coast Line Railroad Co. v. Outz, 82 Ga. App. 36, 62 (1950)

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

Food Lion v. Williams, 219 Ga. App. 352 (1995).

OB-GYN Associates of Albany v. Littleton, 259 Ga. 663 (1989)

Southern Railway Co. v. Jackson, 146 Ga. 243 (1916)

Chapman v. Western Union Telegraph Co., 88 Ga. 763 (1892)

**PLAINTIFFS' REQUEST TO CHARGE # _____**

DAMAGES - LAW INFERS PAIN AND SUFFERING FROM INJURIES

     I further charge you "that where personal injuries exist, our law infers that pain and suffering will result from such injuries."

<u>Pittman v. West</u>, 95 Ga. App. 149, 151, 97 S.E.2d 387 (1957).

**PLAINTIFFS' REQUEST TO CHARGE # _____**

DAMAGES - PAIN AND SUFFERING; DIMINISHED CAPACITY

If a person who has suffered a loss of his or her powers and faculties has conscious knowledge thereof so as to cause him or her to worry and be fearful about his or her ability to do normal and usual tasks, to participate in normal and usual activities that people of his or her age engage in, and to enjoy the pleasures of life which people normally and usually enjoy, then, under those circumstances, such deprivation can be considered to cause pain, suffering, and mental distress for which compensation may be awarded.

Powell v. Augusta & S. R. Co., 77 Ga. 192, 200(10), 3 S.E. 757 (1887).

Atlanta St. R. Co. v. Jacobs, 88 Ga. 647, 652, 15 S.E. 825 (1891).

Langran v. Hodges, 60 Ga. App. 567, 570, 4 S.E.2d 489 (1939).

**PLAINTIFFS' REQUEST TO CHARGE # _____**

PAIN AND SUFFERING -- OTHER ELEMENTS

Thus, I charge you that in considering damages for pain and suffering you may consider the following:   (1) loss or impairment of Plaintiffs' powers or faculties; (2) decrease of earning capacity; (3) any decrease in Plaintiffs' ability to work; (4) any disfigurement or scars to Plaintiffs' body; and (5) the shortening of life from actual worry and pain necessarily caused by such injuries.

Langran v. Hodges, 60 Ga. App. 567, 4 S.E.2d 489 (1939).

**PLAINTIFFS' REQUEST TO CHARGE # _____**

This Court has found that Defendants ADM Trucking, Inc. and Archer Daniels Midland Company *acted with an intent to deprive* Plaintiffs, by destroying, before giving to Plaintiffs, Defendant Sandy Turner's driver's logs and other electronic discovery from Turner's truck at the time of the collision with Plaintiffs.

Because of this intent to deprive, you, the Jury, *must* presume that the lost information, including the driver's log and all other data that was collected through PeopleNet, was unfavorable to ADM Trucking, Inc. and Archer Daniels Midland Company.

<u>See</u> ORDER of this Court, April 27, 2016

Respectfully submitted this 16th day of June, 2016.

THE HELMS LAW FIRM, P.C.

*s/ J. Jeffrey Helms*
J. Jeffrey Helms
Georgia Bar No. 344510

*s/ James E. Douglas, Jr.*
James E. Douglas, Jr.
Georgia Bar No. 124908
Attorneys for Plaintiffs

10 N. College Street
P.O. Box 537
Homerville, GA 31634
(912) 487-5377
(912) 487-5827
jeffhelms@helmslaw.com
jed@helmslaw.com

*s/ Daniel C. Hoffman*
Daniel C. Hoffman
Georgia Bar No. 359719
Attorney for Plaintiff Holmes

801 Northwood Park Drive
Valdosta, GA 31604
(229) 242-2520
danhoffman@youngthagard.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copy of the foregoing PLAINTIFFS' REQUESTS TO CHARGE by email, electronic service, and mailing a copy thereof under sufficient postage to insure delivery and properly addressed to:

Kristen M. Van der Linde
Kathryn M. Oughton
Boyd & Jenerette, P.A.
201 N. Hogan St.
Jacksonville, FL 32202

Donald Campbell Bowman, Jr.
The Bowman Law Office
7505 Waters Ave., Ste. D3
Savannah, GA  31406

This 16th day of June, 2016.

**THE HELMS LAW FIRM, P.C.**

**_s/ James E. Douglas, Jr._**
James E. Douglas, Jr.
Georgia Bar No. 124908
Attorneys for Plaintiffs O'Berrys

10 N. College Street
P.O. Box 537
Homerville, GA 31634
(912) 487-5377
(912) 487-5827
jed@helmslaw.com