THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RODNEY HOLMES, | ) |
| | ) |
|      Plaintiff, | ) CASE NO. 7:15-cv-00075-HL |
| | ) |
| vs. | ) |
| | ) |
| SANDY TURNER, ARCHER DANIELS | ) |
| MIDLAND COMPANY, and OLD | ) |
| REPUBLIC INSURANCE, | ) |
| | ) |
|      Defendants. | ) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES DARREN O'BERRY, and | ) |
| JEWELL O'BERRY | ) |
| | ) |
|      Plaintiff, | ) CASE NO. 7:15-cv-00064-HL |
| | ) |
| vs. | ) |
| | ) |
| SANDY TURNER, ADM TRUCKING, | ) |
| INC. ARCHER DANIELS MIDLAND | ) |
| COMPANY, and OLD REPUBLIC | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|      Defendants. | ) |

## JOINT PROPOSED REQUESTS TO CHARGE

**Request to Charge Number #_____**

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement
is called a stipulation. You must treat these facts as proved for this case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**Request to Charge Number #_____**

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**Request to Charge Number #_____**

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**Request to Charge Number #_____**

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**Request to Charge Number #_____**

60.010 **Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances.

Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

O.C.G.A. §51-1-2

**Request to Charge Number #_____**

66.001 **Tort Damages; Preliminary Instructions**

Damages are given as pay or compensation for injury done.

O.C.G.A. §51-12-4

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

O.C.G.A. §51-12-9

**Request to Charge Number #_____**

66.040 **Tort Damages; Expenses; Generally; Medical Expenses**

In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

O.C.G.A. §51-12-7

*Georgia Power Co. v. Clark,* 69 Ga. App. 273 (1943); medicine

*Georgia Railway and Power Co. v. Ryan,* 24 Ga. App. 290 (1919); doctor's bill; other decisions cited to notes for "medical expenses" and "physician's bill" following

O.C.G.A. §51-12-7

**Request to Charge Number #_____**

66.100 **Tort Damages; Earnings, Past; Loss of**

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and (the amount that may be recovered) (its measure) is the value of the earnings that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury. You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters. There must be some evidence before you as to the plaintiff's loss.

*Atlantic Coastline Railroad Co. v. McDonald,* 103 Ga. App. 328, 332 (1961)

*Nashville, etc., Railway Co. v. Miller,* 120 Ga. 453 (1904)

*Western, etc., Railroad Co. v. Sellers,* 15 Ga. App. 369 (1914)

*Camilla Cotton Oil, etc., Co. v. Walker,* 21 Ga. App. 603 (1918); and other decisions following notes for "capacity to labor," "charge," "earning capacity," and "customary wages" following O.C.G.A. §51-12-4

**Request to Charge Number #_____**

66.200 **Tort Damages; Earnings**

*(The following charges are applicable to either partial or total permanent loss of earnings.)*

**Request to Charge Number #_____**

66.201 **Tort Damages; Earnings; Loss of Future Earnings**

If you find that the plaintiff's earnings will be permanently (reduced) (destroyed), lost future earnings—just like lost past earnings—are to be determined on the basis of the earnings that the plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

*(See citations at 66.100, Tort Damages; Earnings, Past; Loss of.)*

In considering the evidence, you should take into consideration that old age generally reduces the capacity to labor and earn money.

*Florida, etc., R.R. Co. v. Burney,* 98 Ga. 1 (1894)

You may also take into consideration the proposition that the ability of the plaintiff to earn money could have increased during some later periods of the plaintiff's life, if it is authorized by the evidence.

*A-1 Bonding Service Inc. v. Hunter,* 125 Ga. App. 173, 180 (1971)

*Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 595 (1915)

**Request to Charge Number #_____**

66.202 **Tort Damages; Earnings; Life Expectancy**

You would also consider the life expectancy of the plaintiff.

*Williams v. Vinson,* 104 Ga. App. 886, 893 (1961)

*(See 66.300, Tort Damages; Life Expectancy.)*

**Request to Charge Number #_____**

66.203 **Tort Damages; Earnings; Average Annual Earnings**

*(The following should be charged if mortality or annuity tables are used.)*

By taking into consideration the factors as to earning capacity and life expectancy and applying them to this plaintiff's life, you should determine what the average annual loss of future earnings probably would have been.

**Request to Charge Number #_____**

66.400 **Tort Damages; Consortium**

A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

*Brown v. Georgia-Tennessee Coaches Inc.,* 88 Ga. App. 519 (1953);

*Nunnally v. Shockley,* 97 Ga. App. 300 (1958)

*Hobbs v. Holliman,* 74 Ga. App. 735, 739 (1947)

*Shepherd Construction Co. Inc. v. Vaughn,* 88 Ga. App. 285 (1953)

**Request to Charge Number #_____**

66.504 **Tort Damages; Pain and Suffering; Preexisting Injury; Aggravation**

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

*Crandall v. Sammons,* 62 Ga. App. 1, 5 (1940)

If you should find that, at the time of the incident, the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition.

*Whatley v. Henry,* 65 Ga. App. 668 (1941)

*Mitchell v. Turner,* 89 Ga. App. 14 (1953)

*Garner v. Driver,* 155 Ga. App. 322 (1980)

**Request to Charge Number #_____**

**02.040 Clear and Convincing Evidence**

As to the issue of punitive damages, the plaintiffs must prove to a reasonable certainty by clear, convincing, and decisive evidence that the plaintiffs are entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

Yablon v. Metropolitan Life Ins. Co., 200 Ga. 693 (1946)

Wall et al. v. Wood, 174 Ga. 508 (1931)

Liberty National Bank and Trust Co. et al. v. Diamond, 229 Ga. 677 (1972)

Freeman v. Saxton, 243 Ga. 571 (1979)

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt). (Give definition of reasonable doubt if appropriate.)

Clarke v. Cotton, 263 Ga. 861 (1994) (The special concurrence to this decision contains a variety of definitions of clear and convincing evidence.)

**Request to Charge Number #_____**

**60.310 Negligence Amplified; Spouse, Child, or Employee**

Every person shall be liable for the wrongful conduct or torts committed by a spouse, a child, or an employee by direction or in the prosecution and within the scope of the person's business, whether the same are committed by negligence or voluntarily.

O.C.G.A. §51-2-2

**Request to Charge Number #_____**

Georgia Rules of the Road: § 40-6-48. Driving on roadway laned for traffic

Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this Code section, shall apply:

(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

**Request to Charge Number #_____**

6.302 Tort Damages; Life Expectancy; Mortality Tables

There is another way in which you may determine the life expectancy of the plaintiff. There has been introduced into evidence a copy of the Social Security Administration actuarial table. If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age. Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

Savannah, etc., Railway v. Stewart, 71 Ga. 427 (1883);ugusta Railway Co. v. Glover, 92 Ga. 132, 148 (1892); and other cases cited to note "mortality tables"; subnote "conclusive" following O.C.G.A. §51-12-4.

If you use the mortality tables, you should take the average annual loss of future income of the plaintiff and multiply it by the number of years of the plaintiff's life expectancy. The result will give you the probable gross loss of future earnings. You should then reduce the loss to its present cash value by using a rate of interest of 5 percent per annum as a reduction factor.

Florida, etc., R.R. Co. v. Burney, 98 Ga. 1 (1894)

O.C.G.A. §51-12-13

**Request to Charge Number #_____**

66.503 Tort Damages; Pain and Suffering; Future

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

Southern Railway Co. v. Bottoms, 35 Ga. App. 804 (1926)

Brock v. Cato, 75 Ga. App. 79, 82 (1947)

Williams v. Vinson, 104 Ga. App. 886, 893 (1961)

Shore v. Ferguson, 142 Ga. 657 (1914)

Everett v. Holmes, 126 Ga. App. 208 (1972).

**Request to Charge Number #_____**

66.504 Tort Damages; Pain and Suffering; Preexisting Injury; Aggravation

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

Crandall v. Sammons, 62 Ga. App. 1, 5 (1940)

If you should find that, at the time of the incident, the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition.

Whatley v. Henry, 65 Ga. App. 668 (1941)

Mitchell v. Turner, 89 Ga. App. 14 (1953)

Garner v. Driver, 155 Ga. App. 322 (1980)

**Request to Charge Number #_____**

66.700 Punitive Liability

     In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award (impose) punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

**Request to Charge Number #_____**

66.702 Punitive Liability, continued

If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award (impose) punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide (that the plaintiff should receive) (to impose) punitive damages.

Alliance Transp. Inc. v. Mayer, 165 Ga. App. 344, 345 (1983)

**Request to Charge Number #_____**

66.710 Nonproduct Liability "Cap"

Punitive damages must be capped at $250,000. O.C.G.A. §51-12-5.1(f), (g). The charge is waived and the cap is imposed unless the plaintiff makes a request for the charge and finding of fact.

<u>McDaniel v. Elliott</u>, 269 Ga. 262.

**Request to Charge Number #_____**

66.741 Punitive Damages; Measure

      The measure of such damages is your enlightened conscience as an impartial jury (but not more than $250,000).

O.C.G.A. §51-12-5.1

**Request to Charge Number #_____**

66.750 Punitive Damages; Amount; Guidelines

In considering the amount of punitive damages, you may consider the following factors:

1) the nature and egregiousness (reprehensibility) of the defendant's conduct (See 66.760, Reprehensibility; Amplified)

2) the extent and duration of the defendant's wrongdoing and the (possibility) (likelihood) of its recurrence (The word "possibility" is from the opinion; substitution of "likelihood" may avoid a burden of proof conflict.)

3) the intent of the defendant in committing the wrong

4) the profitability of the defendant's wrongdoing (Give only if supported by evidence.)

5) the amount of actual damages awarded

6) the previous awards of punitive damages against the defendant (for the same or similar conduct) (Parenthetical qualifier added due to language of State Farm v. Campbell; give only if supported by evidence.)

7) potential or prior criminal (civil) sanctions against the defendant based upon the same wrongful acts (Give only if supported by evidence.)

8) the financial circumstances, that is, the financial condition and or the net worth of the defendant (Give only if supported by evidence.)

(Note: The supreme court identifies net worth an area with great potential for bias but gives no guidance for a charge or other solution. A general sympathy charge has been criticized as insufficient. Consider giving a limiting charge on sympathy and prejudice specifically addressing financial circumstances. See 66.773 Bias, Sympathy, Prejudice and 02.550 Sympathy.)

9) any other pertinent circumstances (Note: This catchall is from Georgia case law but may violate due process and <u>State Farm v. Campbell</u>.)

<u>Hospital Authority of Gwinnett Co. v. Jones</u>, 259 Ga. 759, 764 (1989); reversed on other grounds

<u>State Farm and BMW v. Gore</u>, 517 US 559 (1996) set the following guidelines for review of any punitive award:

1) degree of reprehensibility of the defendant's conduct;

2) proportionality between conduct, compensatory award, and punitive award; and

3) comparison between the punitive award and authorized civil penalties imposed in comparable cases.

(Note: The potential for these issues is predictable and should be known by both

counsel well in advance of trial. The committee strongly suggests that the trial judge insist, to the degree practicable, on a "high-low" agreement from counsel and/or a stipulated range of proportion between actual and punitive damages. Failing that, in pretrial conference, the judge should attempt to obtain and record consensus on how these issues can best be met.)

This 16th day of June, 2016.

Submitted by:

Attorneys for Plaintiffs:

*s/ J. Jeffrey Helms*
J. Jeffrey Helms
Georgia Bar No. 344510

*s/ James E. Douglas, Jr.*
James E. Douglas, Jr.
Georgia Bar No. 124908
Attorneys for Plaintiffs O'Berry

10 N. College Street
P.O. Box 537
Homerville, GA 31634
(912) 487-5377
(912) 487-5827
jeffhelms@helmslaw.com
jed@helmslaw.com

*s/ Daniel C. Hoffman*
Daniel C. Hoffman
Georgia Bar No. 359719
Attorney for Plaintiff Holmes

801 Northwood Park Drive
Valdosta, GA 31604
(229) 242-2520
danhoffman@youngthagard.com

Attorneys for Defendants:

_s/Kathryn Oughton_
Kathryn Oughton
Ga Bar Number: 907265


_s/ D. Campbell Bowman, Jr._
D. Campbell Bowman, Jr.
Ga Bar Number: 072114

Boyd & Jenerette, P.A.
201 North Hogan Street, Suite 400
Jacksonville, FL
904-353-6241