IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RODNEY HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 7:15-cv-00075-HL |
| | ) | |
| vs. | ) | |
| | ) | |
| SANDY TURNER, ARCHER DANIELS | ) | |
| MIDLAND COMPANY, and OLD | ) | |
| REPUBLIC INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES DARREN O'BERRY, and | ) | |
| JEWELL O'BERRY | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 7:15-cv-00064-WLS |
| | ) | |
| vs. | ) | |
| | ) | |
| SANDY TURNER, ADM TRUCKING, | ) | |
| INC. ARCHER DANIELS MIDLAND | ) | |
| COMPANY, and OLD REPUBLIC | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## **DEFENDANTS' REQUESTS TO CHARGE**

01826032

Defendants respectfully request that the Court give the jury the charges, Numbered One through Twenty-Four attached hereto.

This 16th day of June 2016.

**BOYD & JENERETTE**

*/s/ D. Campbell Bowman, Jr.*
D. Campbell Bowman, Jr.
Georgia Bar No.:  072114
Kathryn M. Oughton
Georgia Bar No.: 907265
201 N. Hogan St.
Jacksonville, FL 32202
Telephone: (904) 353-6241
Facsimile: (904) 493-3739
Email: efiling@boydjen.com
*Counsel for Defendants*

01826032

**Defendants' Request to Charge Number 1**
**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

01826032

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

·  the witness's opportunity and ability to see, hear, or know the things
    the witness is testifying about;

·  the witness's memory;

·  the witness's manner while testifying;

·  any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the
  evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, James and Jewell O'Berry and Rodney Holmes, claim the Defendants, Sandy Turner, Archer Daniels Midland Company, ADM Trucking, Inc., and Old Republic Insurance Company caused them injuries and damages arising out of an automobile accident on June 21, 2013.

Burden of proof:

James and Jewell O'Berry and Rodney Holmes have the burden of proving their case by what the law calls a "preponderance of the evidence." That means James and Jewell O'Berry and Rodney Holmes must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring James and Jewell O'Berry and Rodney Holmes and the evidence favoring Sandy Turner, Archer Daniels Midland Company, ADM Trucking, Inc.,

and Old Republic Insurance Company on opposite sides of balancing scales, James and Jewell O'Berry and Rodney Holmes need to make the scales tip to their side. If James and Jewell O'Berry and Rodney Holmes fail to meet this burden, you must find in favor of Sandy Turner, Archer Daniels Midland Company, ADM Trucking, Inc., and Old Republic Insurance Company.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, James and Jewell O'Berry and Rodney Holmes will present their witnesses and ask them questions. After James and Jewell O'Berry and Rodney Holmes questions the witness, Sandy Turner, Archer Daniels Midland Company, ADM Trucking, Inc., and Old Republic Insurance Company may ask the witness questions – this is called "cross-examining" the witness. Then Sandy Turner, Archer Daniels Midland Company, ADM Trucking, Inc., and Old Republic Insurance Company will present their witnesses, and James and Jewell O'Berry

and Rodney Holmes may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

01826032

**Defendants' Request to Charge Number 2**

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

01826032

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**Defendants' Request to Charge Number 3**

**3.1 Introduction**

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**Defendants' Request to Charge Number 4**

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**Defendants' Request to Charge Number 5**

**3.3 Consideration of Direct and Circumstantial Evidence;**

**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>**ANNOTATIONS AND COMMENTS**</u>

01826032

No annotations associated with this instruction.

**Defendants' Request to Charge Number 6**

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other

   evidence?

## **ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**Defendants' Request to Charge Number 7**

**3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**Defendants' Request to Charge Number 8**

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims,**

      **Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

**ANNOTATIONS AND COMMENTS**

01826032

No annotations associated with this instruction.

**Defendants' Request to Charge Number 9**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

01826032

**Defendants' Request to Charge Number 10**

60.001 **Torts Introduction**

The case before you is (a tort case) (one) in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, if any, was a proximate cause of the injuries to the plaintiff.

**Defendants' Request to Charge Number 11**

I charge you members of the jury that in order for the plaintiffs to recover under a theory of negligent entrustment , you must find from a preponderence of the evidence that the defendant owner of the motor vehicle, ADM Trucking, Inc., was negligent in furnishing the vehicle to the operator, in this case Mr. Sandy Turner. To prove this theory of recovery, you must find from a preponderance of the evidence that the defendant owner had actual knowledge that the driver was incompetent or habitually reckless, and this negligence in furnishing the motor vehicle to the driver must concur, as part of the proximate cause, with the negligence of the driver on account of his incompetency and recklessness.

Gafford v. Duncan, 210 Ga. App. 350, 351, 436 S.E.2d 78 (1993).

**Defendants' Request to Charge Number 12**

The proximate cause of an injury is that cause which immediately precedes and directly produces the injury, without which the injury would not have happened. The proximate cause is the dominant cause, not the one which is incidental to that cause. The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. So long and so far as an ultimate result can be traced to a first cause, though through successive stages, the responsibility rests with the one who put in operation the chain of events which caused the wrong or injury.

*McMahen v. Nashville &c. R. Co.,* 68 Ga. App. 397, 402, 23 SE2d 81 (1942); *Eberhart v. Seaboard &c. R. Co.,* 34 Ga. App. 49, 54, 129 S.E. 2 (1925).

01826032

**Defendants' Request to Charge Number 13**

60.300 **Negligence Amplified; Agency; Generally**

Principals shall be bound for the care and loyalty of their agent in their business and shall be bound for the neglect of their agent in the transaction of such business.

O.C.G.A. §10-6-60

**Defendants' Request to Charge Number 14**

In the event that you decide to make an award of compensatory damages in this case, your award will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award.

26 U.S.C. § 104(a)(2)

**Defendants' Request to Charge Number 15**

66.015 **Tort Damages; Duty to Lessen**

When a person is injured by the negligence of another, he or she must mitigate his or her damages as much as is practicable by the use of ordinary care and diligence.

O.C.G.A. §51-12-11

If you believe that a party has suffered damages as alleged, under the law, that party is bound to reduce those damages, as much as is practicable, by the use of ordinary care. If you believe that by the use of such care, that party could have reduced the damages, you would determine to what extent and reduce such damages to that extent.

*Mallock v. Kicklighter*, 10 Ga. App. 605 (1912)

01826032

**Defendants' Request to Charge Number 16**

66.204 **Tort Damages; Earnings; Present Cash Value**

After you have determined the loss of future earnings, you may reduce the plaintiff's gross loss of future earnings to its present cash value. You would do so by using a rate of interest of 5 percent per annum as a reduction factor.

O.C.G.A. §51-12-13

*Miller v. Tuten,* 137 Ga. App. 188 (1976)

*(Note: For the use of annuity tables in determining loss of earnings, see the annuity tables charge [66.303].)*

**Defendants' Request to Charge Number 17**

66.303 **Tort Damages; Life Expectancy; Annuity Tables**

When you have satisfied yourselves what the average annual future medical expenses, living expenses, lost wages, or other economic damages of plaintiff would be, you would then figure the cash value for the person's remaining life. In order to aid you in coming to a conclusion on that point, an annuity table is in evidence before you. An annuity is a sum a person is entitled to per year during that person's whole life. Sometimes there is a sale of that annuity for which the present cash value of it must be determined. An award of damages for permanent loss of earnings amounts to a forced sale of lifetime earnings. This table is made to show the present cash value of an annuity. Turn to that table that is before you for the purpose of aiding you in measuring damages for future medical expenses, living expenses, lost wages, or other economic damages of plaintiff.

Take the average annual loss of future medical expenses, living expenses, lost wages, or other economic damages of plaintiff and the number of years in the future you conclude that the loss will continue. You would then consult the annuity tables and find opposite the number of years the present value of an annuity of $1.00 per year for the number of years that you determine the loss would continue into the future discounted at the percentage indicated, depending on which you select. You would multiply that present value of the $1.00 annuity from the table

by the average annual loss of future earnings, and that would be the present cash value if the plaintiff were recovering an annuity of that sum, or entitled to an annuity of that sum for and during that person's remaining life. That would be the sum you are trying to arrive at.

In using your annuity table, you would be entitled to use a rate of interest of 5 percent, or any other discount rate you may deem appropriate.

O.C.G.A. §51-12-13

*Atlanta, etc., R.R. Co. v. Johnson,* 66 Ga. 259, 263 (1881)

*Kitchens v. Hall,* 116 Ga. App. 41, 43 (1967)

*Florida, etc., R.R. Co. v. Burney,* 98 Ga. 1 (1894)

You do not have to use the annuity table introduced to you in any way. Such a table is just a guide that you may follow or not as you see fit, while considering the evidence as a whole.

(*See note to 66.201 Tort Damages; Earnings; Loss of Future Earnings. If a more elaborate charge on annuity tables is desired, an adaptation of the charge in* Florida, etc., R.R. Co. v. Burney, *98 Ga. 1 [1894] is recommended.)*

**Defendants' Request to Charge Number 18**

66.401 **Tort Damages; Consortium; Permanent Loss, Present Cash Value of;**

**Joint Life Expectancy Is Measure of Damages**

When permanent loss of consortium occurs, you would determine the damages on the basis of the joint life expectancy of the husband and wife, that is, by how long they would both have lived together if the injury of the spouse had not occurred. That joint lifetime loss would have to be reduced to its present cash value.

*Atlantic Coast Line R.R. Co. v. McDonald,* 50 Ga. App. 856(5) (1935)

*Beavers v. Davis,* 110 Ga. App. 248(2) (1964)

*Cody v. Peak,* 113 Ga. App. 676(2) (1966)

*Central Truckaway, etc., Co. v. Harrigan,* 79 Ga. App. 117(4) (1949); future consortium must be reduced to present cash value.

**Defendants' Request to Charge Number 19 (as to Plaintiff Holmes only)**

66.740 **Punitive Damages; Amount; Generally**

You have decided to award (impose) punitive damages. Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial.

(You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages). The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you award (impose) should reflect that purpose only.

**Defendants' Request to Charge Number 20 (as to Plaintiff Holmes only)**

66.760 **Reprehensibility; Amplified**

In making your award, you should consider the degree of reprehensibility of the defendant's wrongdoing. You should consider all the evidence, both aggravating and mitigating, to decide how much punishment the defendant's conduct deserves.

In assessing reprehensibility, you may consider whether

a) the harm caused was physical, as opposed to economic;

b) the conduct showed an indifference to or a reckless disregard of the health or safety of others;

c) the target of the conduct had financial vulnerability;

d) the conduct involved repeated actions or was an isolated incident;

e) the harm was the result of intentional malice, trickery, or deceit (or mere accident)

*State Farm Mutual Automobile Insurance Company v. Campbell,* 538 US 408 (2003)

01826032

**Defendants' Request to Charge Number 21**

66.773 **Bias, Sympathy, Prejudice**

02.550 **Sympathy**

Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge. You are not to show favor or sympathy to one party or the other. It is your duty to consider the facts objectively without favor, affection, or sympathy to either party.

O.C.G.A. §15-12-138

In deciding this case, you should not be influenced by sympathy or prejudice because of race, creed, color, religion, national origin, sexual preference, local or remote residence, economic or corporate status for or against either party.

O.C.G.A. §15-12-138

01826032

**Defendants' Request to Charge Number 22 (as to Plaintiff Holmes only)**

66.780 **Punitive Damages; Conclusion**

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the defendant, and the purpose of punitive damages.

**Defendants' Request to Charge Number 23**

**3.8.1**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages   should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing  the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.8.1 PATTERN JURY INSTRUCTIONS**

**Defendants' Request to Charge Number 24**

Now, the Plaintiffs seek to recover in this case not only for past medical expenses but for medical expenses which they will incur in the future as a proximate result they contend of the events giving rise to this lawsuit. If you find that the Plaintiffs are entitled to recover and that the evidence shows with reasonable certainty that the Plaintiffs will sustain in the future medical expenses proximately caused by one or more of the Defendants who you find liable and shows with reasonable certainty the amount of such future medical expenses, the Plaintiffs would be entitled to recover the amount thereof, reduced to its present value by the method which I have already explained to you in connection with reduction of their future earnings to their present value.

Bennett v. Haley, 132 Ga. App. 512, 515 (1974)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on this 16th day of June 2016.

**BOYD & JENERETTE**

*/s/ D. Campbell Bowman, Jr.*
D. Campbell Bowman, Jr.
Georgia Bar No.:  072114
Kathryn M. Oughton
Georgia Bar No.: 907265
201 N. Hogan St.
Jacksonville, FL 32202
Telephone: (904) 353-6241
Facsimile: (904) 493-3739
Email: efiling@boydjen.com
*Counsel for Defendants*

01826032